RENDERED: MARCH 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0570-ME

M.A.                                                                                    APPELLANT


v.          APPEAL FROM MCCRACKEN CIRCUIT COURT,
            FAMILY COURT DIVISION
            HONORABLE DEANNA WISE HENSCHEL, JUDGE
            ACTION NO. 23-AD-00011


COMMONWEALTH OF KENTUCKY
VIA THE CABINET FOR HEALTH
AND FAMILY SERVICES; A.W.;
AND M.M.A., A CHILD                                                       APPELLEES

AND

NO. 2024-CA-0573-ME

M.A.                                                                                    APPELLANT


v.          APPEAL FROM MCCRACKEN CIRCUIT COURT,
            FAMILY COURT DIVISION
            HONORABLE DEANNA WISE HENSCHEL, JUDGE
            ACTION NO. 23-AD-00012


COMMONWEALTH OF KENTUCKY
VIA THE CABINET FOR HEALTH

AND FAMILY SERVICES; A.V.; AND
C.C.A., A CHILD                                                          APPELLEES

AND

NO. 2024-CA-0574-ME

M.A.                                                                          APPELLANT

                          APPEAL FROM MCCRACKEN CIRCUIT COURT,
v.                              FAMILY COURT DIVISION
                          HONORABLE DEANNA WISE HENSCHEL, JUDGE
                                ACTION NO. 23-AD-00013

COMMONWEALTH OF KENTUCKY
VIA THE CABINET FOR HEALTH
AND FAMILY SERVICES; A.V.; AND
K.K.A., A CHILD                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE:  M.A. (hereinafter referred to as Mother) appeals

from orders of the McCracken Circuit Court, Family Court Division, which

terminated her parental rights to her three children.[1]  Mother claims that she was

---

[1] Because this case concerns the termination of parental rights to minor children, we will not refer to the parties by their names in order to protect the privacy of the children.

denied due process because she did not have an attorney during her termination of parental rights hearing. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

Mother's termination of parental rights hearing was held on August 31, 2023, and Mother was represented by a court appointed attorney. At the beginning of the hearing, Mother requested a continuance in order to obtain some of her children's medical records she had not yet received. The trial court denied the motion to continue, but set another hearing date for October 26, 2023, to allow Mother to obtain the records and present them. Mother also had an expert witness she wanted to testify who was unavailable for the August hearing and the court held that the expert could also testify at the new October hearing. Shortly after this exchange, Mother informed the trial court that she did not wish for her appointed attorney to represent her, and she stated that she wished to proceed *pro se*. Mother did not ask for a new attorney or request a continuance in order to find another attorney.

The trial court questioned Mother about her request. Ultimately the court allowed Mother to represent herself but ordered that Mother's attorney remain for the hearing in order to assist Mother. The hearing then proceeded as planned. Mother predominantly represented herself during the hearing but would sometimes confer with her attorney. Her attorney also questioned witnesses and

helped Mother present exhibits. During the second hearing in October, Mother was represented by retained counsel. On October 30, 2023, the trial court entered orders terminating Mother's parental rights to her three children. This appeal followed.

## ANALYSIS

Mother argues on appeal that she was denied due process because she was not represented by an attorney during the termination of parental rights hearing.

> The law in this Commonwealth is that the due process clause, and KRS[2] 625.080(3) and 620.100(1) require that the parental rights of a child not be terminated unless the parent has been represented by counsel at every critical stage of the proceedings. This includes all critical stages of an underlying dependency proceeding in district court. *R.V. v. Com., Dept. for Health and Family Services*, 242 S.W.3d 669, 673 (Ky. App. 2007).
>
> It is logical that the parent's right to counsel includes effective representation. However, it does not derive from the Sixth Amendment nor can RCr[3] 11.42 be invoked. We hold that if counsel's errors were so serious that it is apparent from the record that the parent was denied a fair and meaningful opportunity to be heard so that due process was denied, this Court will consider a claim that counsel was ineffective.

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Criminal Procedure.

*Z.T. v. M.T.*, 258 S.W.3d 31, 36 (Ky. App. 2008).

Appellant argues that she was denied a meaningful opportunity to be heard because she was not represented by counsel during the August hearing, and she needed more time to prepare her *pro se* defense. Appellant relies heavily on the case of *T.T. v. Cabinet for Health and Family Services*, No. 2022-CA-0785-ME, 2023 WL 1871012 (Ky. App. Feb. 10, 2023), to support her argument. In *T.T.*, Father was incarcerated when the Cabinet petitioned to terminate his parental rights to his child. Father had appointed counsel and at the start of the termination hearing, Father fired his counsel. The court dismissed Father's counsel and Father proceeded *pro se*; however, he did not have any witnesses present. There was no discussion of a possible continuance.

After the hearing, new counsel appeared for Father and made a motion opposing the termination. This attorney argued that Father was not made aware of the hearing until he was taken from his jail cell to the courthouse; therefore, he did not have an opportunity to present witnesses. The trial court did not rule on that motion, but did enter an order terminating Father's parental rights. Father then appealed to this Court and argued that his due process rights were violated because he was not informed of the termination hearing, was not able to present any witnesses, and did not meet with his appointed attorney until a few minutes before the hearing.

The Court reversed the termination of Father's parental rights and remanded for a new hearing. The Court held that there was no evidence in the record that Father was given notice of the hearing prior to the day of the hearing, or that appointed counsel contacted any witnesses on Father's behalf. *Id.* at *4. The Court acknowledged Father's firing of his attorney is probably why the record contained no evidence of these facts, but the Court felt it prudent to reverse and remand in order to ensure all due process was afforded to Father and he be given a meaningful chance to be heard. *Id.*

The case at hand is different from *T.T.* Here, Mother requested that she be allowed to represent herself and the court allowed such; however, Mother's counsel was not dismissed. Counsel remained at Mother's table and assisted Mother in the case. Mother's counsel questioned some witnesses, helped introduce exhibits, and generally conferred with Mother. Mother also had witnesses and evidence to present. This is in stark contrast to counsel in *T.T.* being dismissed, Father fully acting *pro se*, and Father presenting no witness testimony. Additionally, we also note that Mother did not ask for a continuance to find new counsel and did not request new counsel be appointed.

## CONCLUSION

Based on the foregoing, we find no error and affirm. Mother was assisted by counsel during her hearing and Mother presented evidence to the court;

therefore, we believe she had a meaningful opportunity to be heard, and her due process rights were not violated.[4]

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY, CABINET FOR HEALTH AND FAMILY SERVICES: |
|---|---|
| Bethanni E. Forbush-Moss<br>Louisville, Kentucky | |
| | Kevin Martz<br>Covington, Kentucky |

---

[4] Mother raised no arguments on appeal regarding the sufficiency of the proof relied upon by the trial court in terminating her parental rights.